# EXHIBIT 16

UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/927,921 | 10/30/2007 | JEFFREY B. FRANKLIN | 50437-00001 | 6646 |

25231      7590      02/25/2010
MARSH, FISCHMANN & BREYFOGLE LLP
8055 East Tufts Avenue
Suite 450
Denver, CO 80237

| EXAMINER |
|---|
| PATEL, HARESH N |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2454 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 02/25/2010 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 11/927,921 | FRANKLIN, JEFFREY B. |
| | Examiner | Art Unit | |
| | HARESH N. PATEL | 2454 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE *3* MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1)☒ Responsive to communication(s) filed on *30 October 2007*.

2a)☐ This action is **FINAL**.       2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

4)☒ Claim(s) *1-10* is/are pending in the application.

    4a) Of the above claim(s) *11-20* is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) *1-20* is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

## Application Papers

9)☐ The specification is objected to by the Examiner.

10)☒ The drawing(s) filed on *30 October 2007* is/are: a)☒ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

## Priority under 35 U.S.C. § 119

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All   b)☐ Some * c)☐ None of:

      1.☐ Certified copies of the priority documents have been received.

      2.☐ Certified copies of the priority documents have been received in Application No. _____.

      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)
2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3)☒ Information Disclosure Statement(s) (PTO/SB/08)
    Paper No(s)/Mail Date *6/11/09, 10/30/07*.

4)☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____.
5)☐ Notice of Informal Patent Application
6)☐ Other: _____.

U.S. Patent and Trademark Office

PTOL-326 (Rev. 08-06)     **Office Action Summary**     Part of Paper No./Mail Date 20100224

Application/Control Number: 11/927,921                                                    Page 2

Art Unit: 2454

## DETAILED ACTION

1.     Claims 1-10 are subject to examination.  Claims 11-20 are withdrawn.

### *Election/Restrictions*

2.     Applicant's election of Group I (claims 1-10) in the reply filed on 1/12/2010 is

acknowledged.  Because applicant did not distinctly and specifically point out the supposed

errors in the restriction requirement, the election has been treated as an election without traverse

(MPEP § 818.03(a)).

### *Drawings*

3.     The figures submitted on the filing date of this application, paper dated 10/30/2007, are

acknowledged.

### *Information Disclosure Statement*

4.     An initialed and dated copy of the applicant's IDS form 1449, is attached to the instant

Office action, please see attachments section of the attached form PTO-326 containing paper

dates (10/30/2007, 6/11/2009).

### *Claim Rejections - 35 USC § 101*

35 U.S.C. 101 reads as follows:

Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or
any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and
requirements of this title.

Application/Control Number: 11/927,921                                                          Page 3
Art Unit: 2454

5.      Claims 1-8 are rejected under 35 U.S.C. 101 because the claimed invention is directed to

a non-statutory subject matter.  The claims 1-8 claim a system that does not contain components

that are limited to hardware.  Addition of --at least one hardware processing unit;-- (of the

system) in the body of the claim for the claimed system is suggested to overcome the 35 U.S.C.

101 rejections.


### Claim Rejections - 35 USC § 102

6.      The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (e) the invention was described in (1) an application for patent, published under section 122(b), by another filed in the United States before the invention by the applicant for patent or (2) a patent granted on an application for patent by another filed in the United States before the invention by the applicant for patent, except that an international application filed under the treaty defined in section 351(a) shall have the effects for purposes of this subsection of an application filed in the United States only if the international application designated the United States and was published under Article 21(2) of such treaty in the English language.
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.
> (a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for a patent.

7.      Claims 1-10 are rejected under 35 U.S.C. 102(b) as being anticipated by De La Cruz et al.

6,996,502 (Hereinafter De-La-Cruz-IBM).

8.      Referring to claim 1, De-La-Cruz-IBM discloses a computer system for hosting

computing clusters for clients (e.g., usage of system 208 for hosting clusters and clients 204, 202

of figure 2, cluster manager 322 and monitoring and configuration controllers 410 of figure 3,

primary node 210 and secondary node 220 of figure 4), comprising: a first cluster comprising a

set of computing resources in a first configuration (e.g., configuration of resources of one cluster,

Application/Control Number: 11/927,921                                          Page 4

Art Unit: 2454

col., 9, lines 1-59); and a second cluster comprising a set of computing resources in a second

configuration (e.g., configuration of resources of another cluster, col., 9, lines 1-59); wherein the

first configuration differs from the second configuration (e.g., different node having different

configurations, col., 9, lines 1-59) and wherein the first configuration provides a first computing

environment for performing a first client task (e.g., usage of load balancing and servers for

handling one client, col., 9, lines 1-59) and the second configuration provides a second

computing environment for performing a second client task (e.g., usage of load balancing and

servers for handling second client, col., 9, lines 1-59, usage of system 208 for hosting clusters

and clients 204, 202 of figure 2, cluster manager 322 and monitoring and configuration

controllers 410 of figure 3, primary node 210 and secondary node 220 of figure 4, data storage,

gateway, router of network 102 of figure 1).


9.      Referring to claim 2, De-La-Cruz-IBM discloses the claimed limitations as rejected

above. De-La-Cruz-IBM also discloses wherein the computing resources comprise processing

nodes, data storage shared by the processing nodes, and one or more communications networks

linking the processing nodes to each other and to the data storage (e.g., usage of load balancing

and servers for handling multiple clients, col., 9, lines 1-59, usage of system 208 for hosting

clusters and clients 204, 202 of figure 2, cluster manager 322 and monitoring and configuration

controllers 410 of figure 3, primary node 210 and secondary node 220 of figure 4, data storage,

gateway, router of network 102 of figure 1).

Application/Control Number: 11/927,921                                        Page 5
Art Unit: 2454

10.     Referring to claim 3, De-La-Cruz-IBM discloses the claimed limitations as rejected above. De-La-Cruz-IBM also discloses wherein the first configuration differs from the second configuration based on configuration of the processing nodes in the first and second clusters (e.g., usage of load balancing and servers for handling multiple clients, col., 9, lines 1-59, usage of system 208 for hosting clusters and clients 204, 202 of figure 2, cluster manager 322 and monitoring and configuration controllers 410 of figure 3, primary node 210 and secondary node 220 of figure 4, data storage, gateway, router of network 102 of figure 1).

11.     Referring to claim 4, De-La-Cruz-IBM discloses the claimed limitations as rejected above. De-La-Cruz-IBM also discloses wherein the first configuration differs from the second configuration based on configuration of the data storage in the first and second dusters (e.g., usage of load balancing and servers for handling multiple clients, col., 9, lines 1-59, usage of system 208 for hosting clusters and clients 204, 202 of figure 2, cluster manager 322 and monitoring and configuration controllers 410 of figure 3, primary node 210 and secondary node 220 of figure 4, data storage, gateway, router of network 102 of figure 1).

12.     Referring to claim 5, De-La-Cruz-IBM discloses the claimed limitations as rejected above. De-La-Cruz-IBM also discloses wherein the first configuration differs from the second configuration based on configuration of the one or more communications networks provided in the first and second clusters (e.g., usage of different networks, load balancing and servers for handling multiple clients, col., 9, lines 1-59, usage of system 208 for hosting clusters and clients 204, 202 of figure 2, cluster manager 322 and monitoring and configuration controllers 410 of

Application/Control Number: 11/927,921                                    Page 6

Art Unit: 2454

figure 3, primary node 210 and secondary node 220 of figure 4, data storage, gateway, router of

network 102 of figure 1).

13.    Referring to claim 6, De-La-Cruz-IBM discloses the claimed limitations as rejected

above. De-La-Cruz-IBM also discloses a monitoring system monitoring operations of the first

and second clusters, identifying operational and connectivity problems, and issuing an alert in

response to the identified problems indicating a corresponding one of the first and second

clusters associated with the identified problems (e.g., usage of handling failovers, load balancing

and servers for handling multiple clients, col., 9, lines 1-59, usage of system 208 for hosting

clusters and clients 204, 202 of figure 2, cluster manager 322 and monitoring and configuration

controllers 410 of figure 3, primary node 210 and secondary node 220 of figure 4, data storage,

gateway, router of network 102 of figure 1).

14.    Referring to claim 7, De-La-Cruz-IBM discloses the claimed limitations as rejected

above. De-La-Cruz-IBM also discloses wherein the monitoring system comprises a main monitor

that operates to monitor the first and second clusters to identify the operation and connectivity

problems and further comprises monitors for each node of the first and second clusters operating

to check for hardware and software problems within a particular node and to report the hardware

and software problems to the main monitor (e.g., usage of monitoring problems related to

hardware and software and monitoring controllers, servers for handling multiple clients, col., 9,

lines 1-59, usage of system 208 for hosting clusters and clients 204, 202 of figure 2, cluster

Application/Control Number: 11/927,921                                                                Page 7

Art Unit: 2454

manager 322 and monitoring and configuration controllers 410 of figure 3, primary node 210 and

secondary node 220 of figure 4, data storage, gateway, router of network 102 of figure 1).


15.    Referring to claim 8, De-La-Cruz-IBM discloses the claimed limitations as rejected

above. De-La-Cruz-IBM also discloses wherein one of the main monitors is provided within

each of the first and second clusters and the system further comprises a central monitoring

system in communication with the main monitors of the first and second clusters (e.g., usage of

central console monitoring, block 1006 of figure 11, performing monitoring of the clusters and

components of the clusters, servers for handling multiple clients, col., 9, lines 1-59, usage of

system 208 for hosting clusters and clients 204, 202 of figure 2, cluster manager 322 and

monitoring and configuration controllers 410 of figure 3, primary node 210 and secondary node

220 of figure 4, data storage, gateway, router of network 102 of figure 1).


16.    Referring to claim 9, De-La-Cruz-IBM discloses the claimed limitations as rejected

above. De-La-Cruz-IBM also discloses means for providing communication access from a

public, digital communications network to the first and second clusters and means for limiting

access to the first cluster to communication access from a first client associated with the first

client task and limiting access to the second cluster to communication access from a second

client associated with the second client task (e.g., usage of different networks connected to

gateway, router of network 102 of figure 1, servers for handling multiple clients, col., 9, lines 1-

59, usage of system 208 for hosting clusters and clients 204, 202 of figure 2, cluster manager 322

Application/Control Number: 11/927,921                                    Page 8
Art Unit: 2454

and monitoring and configuration controllers 410 of figure 3, primary node 210 and secondary node 220 of figure 4, data storage).

17.    Referring to claim 10, De-La-Cruz-IBM discloses the claimed limitations as rejected above. De-La-Cruz-IBM also discloses a private communications network linked to a public communications network accessible by clients accessing the first and second clusters and farther comprising a monitoring system linked to the private communications network for monitoring operation of the first and second clusters (e.g., usage of different networks connected to gateway, router of network 102 of figure 1, servers for handling multiple clients, col., 9, lines 1-59, usage of system 208 for hosting clusters and clients 204, 202 of figure 2, cluster manager 322 and monitoring and configuration controllers 410 of figure 3, primary node 210 and secondary node 220 of figure 4, data storage), wherein the first and second clusters each comprise a private cluster network for communications among the computing resources of a particular cluster and a gateway mechanism positioned between the private cluster network, and the private communications network, whereby the communications within the first and second clusters are isolated (e.g., usage of gateway to isolate clusters on different networks, router of network 102 of figure 1, servers for handling multiple clients, col., 9, lines 1-59, usage of system 208 for hosting clusters and clients 204, 202 of figure 2, cluster manager 322 and monitoring and configuration controllers 410 of figure 3, primary node 210 and secondary node 220 of figure 4, data storage).

18.    Claims 1-10 are rejected under 35 U.S.C. 102(e) as being anticipated by Jackson, 2010/0023949, Cluster Resources (Hereinafter Jackson-Cluster-Resources).

Application/Control Number: 11/927,921                                            Page 9
Art Unit: 2454

19.     Referring to claim 1, Jackson-Cluster-Resources discloses a computer system for hosting

computing clusters for clients (e.g., usage of compute environment, hosting facility, hosting

center, virtual hosting center for reservation of grid resources to support different clients,

paragraph 29, monitoring of grid resources, customized computing clusters for different

workloads, paragraph 52, usage of virtual private cluster paragraph 100, monitoring of events for

the reservation of the cluster/grid software/hardware resources, paragraph 99), comprising: a first

cluster comprising a set of computing resources in a first configuration (e.g., paragraphs 29, 52,

99, 100); and a second cluster comprising a set of computing resources in a second configuration

(e.g., paragraphs 29, 52, 99, 100); wherein the first configuration differs from the second

configuration (e.g., paragraphs 29, 52, 99, 100) and wherein the first configuration provides a

first computing environment for performing a first client task (e.g., paragraphs 29, 52, 99, 100)

and the second configuration provides a second computing environment for performing a second

client task (e.g., usage of compute environment, hosting facility, hosting center, virtual hosting

center for reservation of grid resources to support different clients, paragraph 29, monitoring of

grid resources, customized computing clusters for different workloads, paragraph 52, usage of

virtual private cluster paragraph 100, monitoring of events for the reservation of the cluster/grid

software/hardware resources, paragraph 99).


20.     Referring to claim 2, Jackson-Cluster-Resources discloses the claimed limitations as

rejected above. Jackson-Cluster-Resources also discloses wherein the computing resources

comprise processing nodes, data storage shared by the processing nodes, and one or more

Application/Control Number: 11/927,921                                         Page 10
Art Unit: 2454

communications networks linking the processing nodes to each other and to the data storage

(e.g., paragraphs 29, 52, 99, 100).

21.     Referring to claim 3, Jackson-Cluster-Resources discloses the claimed limitations as

rejected above. Jackson-Cluster-Resources also discloses wherein the first configuration differs

from the second configuration based on configuration of the processing nodes in the first and

second clusters (e.g., paragraphs 29, 52, 99, 100).

22.     Referring to claim 4, Jackson-Cluster-Resources discloses the claimed limitations as

rejected above. Jackson-Cluster-Resources also discloses wherein the first configuration differs

from the second configuration based on configuration of the data storage in the first and second

dusters (e.g., paragraphs 29, 52, 99, 100).

23.     Referring to claim 5, Jackson-Cluster-Resources discloses the claimed limitations as

rejected above. Jackson-Cluster-Resources also discloses wherein the first configuration differs

from the second configuration based on configuration of the one or more communications

networks provided in the first and second clusters (e.g., paragraphs 29, 52, 99, 100).

24.     Referring to claim 6, Jackson-Cluster-Resources discloses the claimed limitations as

rejected above. Jackson-Cluster-Resources also discloses a monitoring system monitoring

operations of the first and second clusters, identifying operational and connectivity problems,

and issuing an alert in response to the identified problems indicating a corresponding one of the

Application/Control Number: 11/927,921                                          Page 11
Art Unit: 2454

first and second clusters associated with the identified problems (e.g., paragraphs 29, 52, 99, 100).

25.     Referring to claim 7, Jackson-Cluster-Resources discloses the claimed limitations as rejected above. Jackson-Cluster-Resources also discloses wherein the monitoring system comprises a main monitor that operates to monitor the first and second clusters to identify the operation and connectivity problems and further comprises monitors for each node of the first and second clusters operating to check for hardware and software problems within a particular node and to report the hardware and software problems to the main monitor (e.g., paragraphs 29, 52, 99, 100).

26.     Referring to claim 8, Jackson-Cluster-Resources discloses the claimed limitations as rejected above. Jackson-Cluster-Resources also discloses wherein one of the main monitors is provided within each of the first and second clusters and the system further comprises a central monitoring system in communication with the main monitors of the first and second clusters (e.g., paragraphs 29, 52, 99, 100).

27.     Referring to claim 9, Jackson-Cluster-Resources discloses the claimed limitations as rejected above. Jackson-Cluster-Resources also discloses means for providing communication access from a public, digital communications network to the first and second clusters and means for limiting access to the first cluster to communication access from a first client associated with

Application/Control Number: 11/927,921                                              Page 12

Art Unit: 2454

the first client task and limiting access to the second cluster to communication access from a

second client associated with the second client task (e.g., paragraphs 29, 52, 99, 100).


28.    Referring to claim 10, Jackson-Cluster-Resources discloses the claimed limitations as

rejected above. Jackson-Cluster-Resources also discloses a private communications network

linked to a public communications network accessible by clients accessing the first and second

clusters and farther comprising a monitoring system linked to the private communications

network for monitoring operation of the first and second clusters (e.g., paragraphs 29, 52, 99,

100), wherein the first and second clusters each comprise a private cluster network for

communications among the computing resources of a particular cluster and a gateway

mechanism positioned between the private cluster network, and the private communications

network, whereby the communications within the first and second clusters are isolated (e.g.,

paragraphs 29, 52, 99, 100).


29.    Claims 1-10 are rejected under 35 U.S.C. 102(e) as being anticipated by Mishra et al.,

2009/0019535, Ragingwire Enterprise Solution Inc., (Hereinafter Mishra-Ragingwire).

30.    Referring to claim 1, Mishra-Ragingwire discloses a computer system for hosting

computing clusters for clients (e.g., usage of firewall and gateway routers 250, clusters 210 and

255 figure 2, monitoring 655 of figure 6, hosting for different clients, virtual hosting to support

different clients, monitoring of cluster resources, customized computing clusters for different

workloads for providing of the cluster/grid software/hardware resources, 37, 47, 58, 70),

comprising: a first cluster comprising a set of computing resources in a first configuration (e.g.,

Application/Control Number: 11/927,921                                             Page 13

Art Unit: 2454

paragraphs 37, 47, 58, 70); and a second cluster comprising a set of computing resources in a

second configuration (e.g., paragraphs 37, 47, 58, 70); wherein the first configuration differs

from the second configuration (e.g., paragraphs 37, 47, 58, 70) and wherein the first

configuration provides a first computing environment for performing a first client task (e.g.,

paragraphs 37, 47, 58, 70) and the second configuration provides a second computing

environment for performing a second client task (e.g., usage of firewall and gateway routers 250,

clusters 210 and 255 figure 2, monitoring 655 of figure 6, hosting for different clients, virtual

hosting to support different clients, monitoring of cluster resources, customized computing

clusters for different workloads for providing of the cluster/grid software/hardware resources, 37,

47, 58, 70).

31.    Referring to claim 2, Mishra-Ragingwire discloses the claimed limitations as rejected

above. Mishra-Ragingwire also discloses wherein the computing resources comprise processing

nodes, data storage shared by the processing nodes, and one or more communications networks

linking the processing nodes to each other and to the data storage (e.g., paragraphs 37, 47, 58,

70).

32.    Referring to claim 3, Mishra-Ragingwire discloses the claimed limitations as rejected

above. Mishra-Ragingwire also discloses wherein the first configuration differs from the second

configuration based on configuration of the processing nodes in the first and second clusters

(e.g., paragraphs 37, 47, 58, 70).

Application/Control Number: 11/927,921                                          Page 14
Art Unit: 2454

33.     Referring to claim 4, Mishra-Ragingwire discloses the claimed limitations as rejected above. Mishra-Ragingwire also discloses wherein the first configuration differs from the second configuration based on configuration of the data storage in the first and second dusters (e.g., paragraphs 37, 47, 58, 70).

34.     Referring to claim 5, Mishra-Ragingwire discloses the claimed limitations as rejected above. Mishra-Ragingwire also discloses wherein the first configuration differs from the second configuration based on configuration of the one or more communications networks provided in the first and second clusters (e.g., paragraphs 37, 47, 58, 70).

35.     Referring to claim 6, Mishra-Ragingwire discloses the claimed limitations as rejected above. Mishra-Ragingwire also discloses a monitoring system monitoring operations of the first and second clusters, identifying operational and connectivity problems, and issuing an alert in response to the identified problems indicating a corresponding one of the first and second clusters associated with the identified problems (e.g., paragraphs 37, 47, 58, 70).

36.     Referring to claim 7, Mishra-Ragingwire discloses the claimed limitations as rejected above. Mishra-Ragingwire also discloses wherein the monitoring system comprises a main monitor that operates to monitor the first and second clusters to identify the operation and connectivity problems and further comprises monitors for each node of the first and second clusters operating to check for hardware and software problems within a particular node and to report the hardware and software problems to the main monitor (e.g., paragraphs 37, 47, 58, 70).

Application/Control Number: 11/927,921                                          Page 15

Art Unit: 2454

37.     Referring to claim 8, Mishra-Ragingwire discloses the claimed limitations as rejected

above. Mishra-Ragingwire also discloses wherein one of the main monitors is provided within

each of the first and second clusters and the system further comprises a central monitoring

system in communication with the main monitors of the first and second clusters (e.g.,

paragraphs 37, 47, 58, 70).

38.     Referring to claim 9, Mishra-Ragingwire discloses the claimed limitations as rejected

above. Mishra-Ragingwire also discloses means for providing communication access from a

public, digital communications network to the first and second clusters and means for limiting

access to the first cluster to communication access from a first client associated with the first

client task and limiting access to the second cluster to communication access from a second

client associated with the second client task (e.g., paragraphs 37, 47, 58, 70).

39.     Referring to claim 10, Mishra-Ragingwire discloses the claimed limitations as rejected

above. Mishra-Ragingwire also discloses a private communications network linked to a public

communications network accessible by clients accessing the first and second clusters and farther

comprising a monitoring system linked to the private communications network for monitoring

operation of the first and second clusters (e.g., paragraphs 37, 47, 58, 70), wherein the first and

second clusters each comprise a private cluster network for communications among the

computing resources of a particular cluster and a gateway mechanism positioned between the

Application/Control Number: 11/927,921                                         Page 16
Art Unit: 2454

private cluster network, and the private communications network, whereby the communications

within the first and second clusters are isolated (e.g., paragraphs 37, 47, 58, 70).

*Conclusion*

Considering this application under prosecution being old, filed dated 10/30/2007, in order

to expedite the prosecution of this case, multiple references are used for the rejections to

demonstrate that several references disclose the claimed subject matter of the claims.

The cited particular columns and/or paragraphs and/or sections and/or page numbers in

the reference(s) as applied to the claims above is for the convenience of the applicant. Although

the specified citations are representative of the teachings of the art and are applied to the specific

limitations within the individual claim, other passages and figures may apply as well. It is

respectfully requested from the applicant in preparing responses, to fully consider the references

in entirety, as potentially teaching, all or part of the claimed invention, as well as the context of

the passage, as taught by the prior art or disclosed in the examination.

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Haresh Patel whose telephone number is (571) 272-3973.  The

examiner can normally be reached on Monday, Tuesday, Thursday and Friday from 10:00 am to

8:00 pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Nathan Flynn, can be reached at (571) 272-1915.  The fax phone number for the

organization where this application or proceeding is assigned is (571) 273-8300.

Application/Control Number: 11/927,921                                      Page 17
Art Unit: 2454

Information regarding the status of an application may be obtained from the Patent

Application Information Retrieval (PAIR) system.  Status information for published applications

may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished

applications is available through Private PAIR only.  For more information about the PAIR

system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR

system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).


                                                        /Haresh N. Patel/

                                              Primary Examiner, Art Unit 2454

                                                      February 25, 2010