# EXHIBIT 20

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Application Serial No................................................................................. 10/321,107
Filing Date .......................................................................................... 12/17/2002
Inventorship .......................................................................................... Shawn Thomas
Appellant .........................................................................Caldvor Acquisitions Ltd., LLC
Group Art Unit ................................................................................................... 2156
Examiner.............................................................................. Sana A. Al Hashemi
Attorney's Docket No ................................................................................ CALD0002
Title:  Integrated Asset Management

## REPLY BRIEF

To:        Commissioner for Patents
           P.O. Box 1450
           Alexandria, VA 22313-1450


From:      Mark F. Niemann (Tel. 509-755-7259; Fax 509-755-7252)
           Sadler, Breen, Morasch & Colby, p.s.
           601 W. Main Avenue, Suite 1300
           Spokane, WA 99201



           Customer No. 75671



       Pursuant to 37 C.F.R. § 41.41, Appellant hereby submits a reply brief in application No. 10/321,107 within the requisite time of the Examiner's Answer.

1

## REMARKS

Appellant maintains the positions set forth in the Appeal Brief, and respectfully submits that pending claims 1-34 and 41-43 are allowable.

### Rejections of Claims 1-34 and 41-43

In the Examiner's Answer, the Office has maintained the rejection of claims 1-34 under 35 U.S.C. § 112, first paragraph, the rejection of claims 18-34 under 35 U.S.C. § 112, sixth paragraph, and the rejection of claims 1-34 and 41-43 under 35 U.S.C. § 102(e) as being anticipated by U.S. Patent No. 7,467,198 to Goodman et al. ("Goodman").

In articulating these rejections, the Office has simply restated the rejections presented in the Office Action of January 22, 2010 ("Office Action").  Appellant addressed these rejections at length in Appellant's Appeal Brief and in the interest of brevity, will not restate Appellant's arguments herein.  As such, Appellant maintains the arguments presented in the Appeal Brief and respectfully requests that the 35 U.S.C. § 112, first paragraph, the 35 U.S.C. § 112, second paragraph, and the 35 U.S.C. § 102(e) rejections of the claims be overturned.

### Response to Arguments

This section addresses the Office's comments presented in the Response to Arguments section of the Examiner's Answer.  Appellant notes that the Office has maintained the arguments regarding the 35 U.S.C. § 102(e) rejection that were presented in the Response to Arguments section of the Office Action, but has added new comments that appear to be intended to clarify the Examiner's position regarding the 35 U.S.C. § 102(e) rejection of the claims.

Preliminarily, Appellant submits that the Examiner's Answer has failed to overcome Appellant's arguments included in the Appeal Brief for at least the reason that the Examiner's Answer fails to show how Goodman anticipates a "transition event", as claimed.  Absent disclosure of a "transition event", Goodman simply cannot anticipate

2

the subject matter of the claims.  Below, Appellant has addressed each of the new comments added to the Response to Arguments section in the Examiner's Answer in more detail.

### 1.  "Transition Event"

The Office first addresses the claim feature of "receiving an indication of an occurrence of at least one transition event performed for at least one of a plurality of computer-related hardware devices, wherein the plurality of computer-related hardware devices include respective processors", as recited in claim 1.  In addition to the Office's previous arguments, the Office argues that "Col 21, lines 1-10 [of Goodman] disclose the argued limitations, *since any update to a program or software in a hardware (computer) considered to be an event occurred in the hardware device*" (*Examiner's Answer* at page 7, emphasis added).  For convenience, column 21, lines 1-10 of Goodman is reproduced below:

> **Goodman, column 21, lines 1-10**
> Whenever a ***data element is changed***, impact analysis should be performed to understand the side-effects. The repository manager should be able to obtain the list of direct references and the list of all components affected indirectly (transitive closure). In the latter case, a message based on a record containing a group, which makes reference to a changed data element is considered to be indirectly affected by the change. When adding a data element, no functional equivalent must exist, because redundancy creates difficulties for impact analysis and future maintenance.

This statement by the Office clarifies that the Office considers that an "update to a program or software in a computer" or a "change" to a "data element" anticipates a "transition event", as claimed.  It is respectfully submitted, however, that an "update to a program or software in a computer" or a "change" to a "data element" cannot be considered a "transition event", as claimed and described in Appellant's specification.  Appellant notes that "computer-related hardware devices", as described in the specification, may include without limitation "desktop computers, laptop computers,

3

handheld computers, printers, scanners, networking devices and storage devices" (*Appellant's specification*, page 9, lines 2 and 3). A "transition event", as described in the specification, may include without limitation "an asset installation, asset relocation, asset disposition or asset maintenance activity" (*Appellant's specification*, page 5, line 23 to page 6, line 1). Therefore, an "update to a program" simply does not disclose, teach, or in any way suggest "receiving an indication of an occurrence of at least one ***transition event*** performed for at least one of a plurality of ***computer-related hardware devices***", as claimed.

Accordingly, for at least this reason, Goodman fails to anticipate the subject matter of the claims.

## 2. "Recording Information From the Transition Event"

Next, the Office addresses the feature "recording information from the transition event into a centralized computerized database", as recited in claim 1. In addition to the Office's previous arguments, the Office argues that "the applied art at Col. 50, lines 54-55 discloses the methods of ***storing any changes*** which corresponds to ***recording any event*** at the management tools which includes the service management system shown in Fig. 29, and Fig. 30, which corresponds to the centralized database. Furthermore Fig. 2, and Col. 7, lines 49-58 discloses the database management system is part of the netcentric computing system which corresponds to the centralized computerized database" (*Examiner's Answer*, pages 7 and 8).

The Office appears to be arguing, therefore, that Goodman describes "recording ***any event***". Applicant submits, however, that "any event" does not anticipate a "transition event", as claimed. It follows, therefore, that Goodman simply does not disclose "recording information ***from the transition event***", as recited in claim 1. In other words, whether or not Goodman describes "recording an event" is inconsequential because Goodman fails to describe that an "event" may comprise a "transition event", as claimed.

Accordingly, for at least this additional reason, Goodman fails to anticipate the subject matter of the claims.

### 3. "Monitoring For at Least One Change"

Next, the Office addresses the feature "monitoring for at least one change to the plurality of computer-related hardware devices and recording information associated with the change into the centralized computerized database", as recited in claim 1. In addition to the Office's previous arguments, the Office argues that "in addition Goodman in Col. 9, lines 40-48 discloses the monitoring and distribute changes" (*Examiner's Answer*, pages 7 and 8). Here, the Office has once again provided a citation to Goodman without providing any reasoning as to how this section of Goodman anticipates the subject matter of this claim feature. Furthermore, column 9, lines 40-48 simply states that "the environment management tools 50 monitor performance, provide help desk support, manage and distribute changes to the development architecture 34, administer the environment, and track and plan capacity" (*Goodman*, column 9, lines 40-43). This section of Goodman, therefore, describes "***monitoring performance***", but does not disclose "monitoring for at least one change to the plurality of computer-related hardware devices and recording information associated with the change into the centralized computerized database", as recited in claim 1. It appears that the Office has simply conducted a keyword search of Goodman and has selected this section of Goodman because it includes the term "monitoring".

The Office further argues that "when a change occurs to any transition is stored or recorded in the database management tools which is the database management system, Col. 45, lines 43-47, wherein all the changes (updates) are recorded and stored" (*Examiner's Answer*, page 8). For convenience, column 45, lines 43-47 of Goodman is reproduced below:

Sadler, Breen, Morasch & Colby                                    CALD0002 Reply Brief

**Goodman, Column 45, Lines 43-47**
The preferred information management tools 692 are also capable of providing media content management 644. Methods for storing and managing media content range from simple folder management techniques to multimedia digital asset management systems, capable of indexing and manipulating numerous multimedia data types.

It should be clear, from the excerpt above, that this section of Goodman describes "methods for storing and managing *media content*".  Storing media content is simply not the same as "monitoring for at least one change to the plurality of computer-related hardware devices and *recording information associated with the change* into the centralized computerized database", as recited in claim 1.

Accordingly, for at least this additional reason, Goodman fails to anticipate the subject matter of the claims.

### 4.  Conclusion

Accordingly, for at least the reasons discussed above, the Examiner's Answer fails to overcome Appellant's arguments entered in the Appeal Brief that Goodman fails to anticipate the subject matter of the claims.  For example, the Examiner's Answer fails to show how Goodman anticipates a "transition event", as claimed.  Absent disclosure of a "transition event", Goodman simply cannot anticipate the subject matter of the claims.

Accordingly, Appellant respectfully requests that the rejections be overturned and that pending claims 1-34 and 41-43 be allowed to issue.

Respectfully Submitted,


Dated: <u>December 9, 2010</u>        By:    /Mark F. Niemannn/
                                              Mark F. Niemann
                                              Reg. No. 61,817
                                              (509) 755-7259
                                              Sadler, Breen, Morasch & Colby