# EXHIBIT 21

# UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/321,107 | 12/17/2002 | Shawn Thomas | 32052-3100.US05 | 3631 |

25096      7590      02/24/2012

PERKINS COIE LLP
PATENT-SEA
P.O. BOX 1247
SEATTLE, WA 98111-1247

| EXAMINER |
|---|
| AL HASHEMI, SANA A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2156 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 02/24/2012 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

patentprocurement@perkinscoie.com

PTOL-90A (Rev. 04/07)

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE BOARD OF PATENT APPEALS
AND INTERFERENCES

_____

*Ex parte* SHAWN THOMAS, GREGORY GRAY, MICHAEL WOODFIN,
WARNER MIZELL and BRIAN THOMAS

_____

Appeal 2011-004021
Application 10/321,107
Technology Center 2100

_____

Before ERIC S. FRAHM, KRISTEN L. DROESCH and GREGORY J.
GONSALVES, *Administrative Patent Judges*.

DROESCH, *Administrative Patent Judge*.


DECISION ON APPEAL

Appeal 2011-004021
Application 10/321,107

## STATEMENT OF THE CASE

Appellants seek review under 35 U.S.C. § 134(a) of a non-final rejection of claims 1-34 and 41-43.[1] We have jurisdiction under 35 U.S.C. § 6(b). We REVERSE.

## BACKGROUND

The invention relates to a method and system for integrated asset management, in particular, for aggregating information into a centralized computerized database and using that information to schedule and complete asset transition events. Information from the asset transition event is added to a centralized computerized database to maintain an up to date aggregation of information regarding the asset. Thereafter, changes to the asset are monitored on an ongoing basis and information regarding changes thereto is incorporated into the centralized computerized database. As a result, information is available in the centralized computerized database by which future asset transition events can be managed. Spec. 1, ll. 15-23; Abs.

Independent claim 1 is illustrative and is reproduced from the Claim Appendix below (disputed limitations in *italics*):

> 1.    A method comprising:
> *receiving an indication of an occurrence of at least one transition event performed for at least one of a plurality of computer-related hardware devices*, wherein the plurality of computer-related hardware devices include respective processors;
> recording information from *the transition event* into a centralized computerized database;
> monitoring for at least one change to the plurality of computer-related hardware devices and recording information

---

[1] Claims 35-40 have been cancelled.

2

Appeal 2011-004021
Application 10/321,107

associated with the change into the centralized computerized database; and

managing at least one additional transition event for at least one of the plurality of computer related hardware devices using information available in the centralized computerized database.

*Rejection on Appeal*[2]

Claims 1-34 and 41-43 stand rejected under 35 U.S.C. § 102(e) as anticipated by Goodman (US 7,467,198 B2, Dec. 16, 2008).

ISSUE

Did the Examiner err in finding that Goodman describes "receiving an indication of an occurrence of at least one transition event performed for at least one of a plurality of computer-related hardware devices . . . ," as recited in independent claims 1 and 18?

ANALYSIS

We have reviewed the Examiner's rejection in light of Appellants' arguments in the Appeal Brief presented in response to the Non-Final Office Action ("NFOA") and Appellants' arguments in the Reply Brief presented in response to the Answer. We agree with Appellants' conclusions and highlight and address specific findings and arguments for emphasis as follows.

The Examiner directs attention to Figure 4 and column 40, lines 23-34 of Goodman and finds that these portions of Goodman describe "receiving an indication of an occurrence of at least one transition event performed for

---

[2] The rejections of claims 1-34 under 35 U.S.C. § 112, 1st paragraph and claims 18-34 under 35 U.S.C. § 112, 2nd paragraph set forth in the Non-Final Office Action ("NFOA") are not maintained in the Examiner's Answer. *Compare* NFOA 2-3 *with* Ans. 3-6. Accordingly, the rejections of the claims under 35 U.S.C. § 112 are treated as withdrawn by the Examiner.

3

Appeal 2011-004021
Application 10/321,107

at least one of a plurality of computer-related hardware devices . . . ," as recited in independent claim 1. Ans. 3. The Examiner further explains that Goodman's description "of sending and receiving email corresponds to receiving an indication of any event occurred." Ans. 7. The Examiner also directs attention to column 8, line 56 through column 9, line 15 and finds that this portion of Goodman "discloses the method of transition event to multiple users." Ans. 7.

We agree with Appellants' arguments that the cited excerpts of Goodman do not disclose or in any way suggest the disputed claim limitations, in particular the claimed "transition event." App. Br. 14-18; Reply Br. 3-4. Rather than Appellants' proffered narrow meaning for a "transition event" (Reply Br. 4), we broadly construe a "transition event" as any occurrence of a change. In any event, the Examiner does not direct us to where Goodman describes receiving an indication of a transition event (i.e., an occurrence of a change) performed for a computer-related hardware device. The Examiner also does not sufficiently explain how a receipt of an indication of a transition event (i.e., an occurrence of a change) performed for a computer-related hardware device is inherent based on Goodman's description of: (1) a netcentric computing system (Fig. 4); (2) collaboration tools or email (col. 40, ll. 23-34); and (3) tool to tool communication which integrates tools by enabling information in the form of short messages to be passed from one tool to another (col. 8, l. 56 through col. 9, l. 15).

For at least these reasons, we do not sustain the rejection of claims 1-34 and 41-43 as anticipated by Goodman.

Appeal 2011-004021
Application 10/321,107

## DECISION

We REVERSE the rejection of claims 1-34 and 41-43 under
35 U.S.C. § 102(e) as anticipated by Goodman.


<u>REVERSED</u>


ke

5